Dear Judge Harris:
Your request for an opinion has been forwarded to me for research and reply. On behalf of the City Court of Opelousas, your office asks if the accrual of funds totaling $160,217.28 of "unused judge's fees" in the court's "Civil Savings" account may be released and transferred into the court's general fund account to assist with the court's daily operations. If such a transfer is permitted, you further ask if the court may continue transferring excess "unused judge's fees" annually in the future.
Our office has also learned that the judge's salary comes from numerous sources, including the City Court's General Fund.[1] However, through a subsequent discussion with your office, it is our understanding that all of the funds comprising the court's "Civil Savings" account may be accounted for and come from civil filing fees in Opelousas City Court.[2]
As you correctly note in your opinion request, there are statutory caps or limits on the salary a city court judge may receive annually. La.R.S. 13:1874.1 states in pertinent part as follows:
A. The salary of a judge of a city court shall in no case exceed the salary of a district court judge of the judicial district in which the city court is located. *Page 2 
 * * * *
C. The term `salary' as used in this Section means the total annual compensation paid directly or indirectly from all sources for services as judge.
(West 2009).
You indicate that, in order to comply with the foregoing statute, your predecessor, apparently aware of the fact that his salary would exceed the statutorily allowed amount of funding for a city court judge, "established the practice of depositing all amounts of judge's fees collected through its Civil Section that were in excess of the amount needed to compensate its one sitting judge into a `Civil Savings' account." However, this office is unaware of any legal source for the authority to establish such an account. Nonetheless, there is $160,217.28 remaining in the "Civil Savings" account which was created to collect any overpayment of the judge's permissible annual compensation.
The money comprising the unauthorized "Civil Savings" account can be linked to civil filing fees paid into the authorized "Civil Advancement Deposit" account. Therefore, it is our office's opinion that the money in the unauthorized "Civil Savings" account should be transferred or returned to the "Civil Advancement Deposit" account as a refund of an overpayment.
In sum, there is no legal authority for the creation of a separate "Civil Savings" account to hold excess judge's fees by the Opelousas City Court. Therefore until there is such authority, this practice should be discontinued. If the Opelousas City Court desires the creation of such an account, our office would suggest proposing legislation authorizing the creation of a separate "Civil Savings" account to remedy this issue. As for the funds presently in the "Civil Savings" account, our office would suggest that this money should revert back to the authorized "Civil Advancement Deposit" account because this is the account from which the monies comprising your predecessor's overpayment were derived. Based upon the foregoing reasons, the general operating account would not be the appropriate account into which the excess judicial funds should be transferred. Hence, it is unnecessary for our office to address your second question. *Page 3 
We hope that this information sufficiently answers your inquiries. If we can be of further assistance, please do not hesitate to contact us.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KATHERINE K. GREEN Assistant Attorney General
JDC:KKG:jv
[1] Conversation with Ms. Malveaux, Judicial Administrative Assistant to Judge Vanessa Harris, 1/28/10.
[2] Conversation with Ms. Malveaux, Judicial Administrative Assistant to Judge Vanessa Harris, 4/28/10.